McKiNNEY, J.,
delivered tbe opinion of tbe Court.
This was an action of covenant brought in tbe Common Law Court of tbe city of Memphis on tbe 14th of October, 1854, in tbe name of tbe State of Arkansas against Mosby, on tbe following instrument:
“ Eor value received, I promise to pay tbe State of Arkansas, for tbe use of internal improvement, eight hundred dollars, in five equal annual instalments, payable in one, two, three, four, and five years after tbe date hereof, bearing interest at tbe rate of six per cent, per annum on each instalment from tbe date hereof until paid. As witness my band and seal this 13th day of January, A. D. 1848. ❖❖❖❖❖<> SEAL.
“Joseph R. Mosby.”
Tbe defendant pleaded two pleas: first, a special plea of non est factum, which avers in substance that at tbe time of signing and sealing tbe supposed covenant declared on, it was in blank as to tbe amount; and that long subsequent to tbe execution thereof by tbe defendant, and in bis absence, and without bis assent or authority, said blank was filled up by inserting tbe words “ eight hundred,” without any reacknowledgment or re-delivery of said supposed covenant by tbe defendant. Tbe second plea alleges a failure of consideration; but, in our view of tbe case, this plea need not be further noticed.
Issue was taken on tbe first plea, and it was found against tbe defendant. Tbe Court overruled a motion for *326 a new trial, and the defendant prosecuted an appeal in error to this Court.
It appears from the proof, that one Johnson was desirous of appropriating a portion of the lands in Arkansas*, which had been donated to that State by Congress, for the purpose of internal improvement; and to enable him to do so, the instrument declared on was executed by the defendant in the city of Memphis, where he resided. The reason why the instrument was not filled up at the time it was signed by the defendant was, that the amount to be inserted could not be ascertained until aftér the land should be selected; and the instrument was executed by the defendant, and handed to Johnson, with the verbal understanding that Johnson might fill up the blank with the proper amount, according to the quantity of land appropriated, and deliver the same to the proper officer, Johnson accordingly took said paper to the land-office at Little Rock, in Arkansas, and there filled the blank by writing the words “ eight hundred,” in the presence of the person officiating as land-agent at the time, and delivered the same to him. Johnson had no power of attorney or other authority from the defendant to fill the blank, except the verbal understanding before mentioned. The defendant was at Memphis, Tennessee, when the blank was filled up and the paper delivered; and never reacknowledged or re-delivered the instrument; nor did he ever see it, after signing the same, until suit was brought thereon.
The Court instructed the jury that a verbal authority to Johnson, as the agent of the defendant, to fill the blank with the proper amount when ascertained, and to deliver the instrument to the agent of the State of Arkansas, in *327 consideration of the land purchased, -would he valid and obligatory on the defendant.
This instruction is in direct opposition to the uniform course of decision in this State. This Court has at all times adhered to the ancient rule of the common law, that an authority to make a deed cannot be verbally conferred, but must be created by an instrument of equal dignity.
In Gilbert vs. Anthony, 1 Yerg., 69, it was held that a paper signed and sealed in blank, with verbal authority given at the time to fill it up as a prison-bounds bond, which was done afterwards, was void unless re-delivered. In Smith vs. Dickinson, 6 Humph., 261, it was held, that to authorize the execution of a deed in the name of another, the authority must be by deed, and that no previous verbal assent or subsequent adoption would bind the party, unless the deed were acknowledged and re-delivered. See also Turbeville vs. Ryan, 1 Humph., 113. The same doctrine has been repeated in other cases not reported. And such is the current of English authorities from an early period.
In Shep. Touchstone, 57, it is laid down that, “where one person delivers an instrument as the act of another personw7ío is present, no deed conferring an authority is necessary; but a person cannot, unless authorized by deed, execute an instrument as the act of a person who is absent ; and every letter of attorney must be by deed.” Co. Lit., 35,5; Com. Dig. Title, Deed, A. 1. The authorities are numerous, that an instrument, which has a blank in it •which prevents it from having any operation when it is sealed and delivered, cannot become a valid deed by being afterwards filled up. In general, if blanks be left at the time of execution, and be afterwards filled up, the deed *328 will be avoided, for it is no longer tbe same contract that was sealed and delivered. 2 Starkie on Ev., (3d Am. ed.,) 481, and cases referred to; Bull. N. P., 267; 14 East., 568; 3 Campb., 182.
In the case of Hibblewhite vs. McMorine, 6 Meeson & Welsby’s Rep., 200, 213, where, in a conveyance, the name of the purchaser was left out, and afterwards was inserted, Parke, B., said that to allow the deed to be afterwards filled up by an agent appointed by parol, and then delivered in the absence of the principal as a deed, would be in violation of the principle that an attorney, to execute and deliver a deed for another, must himself be appointed by deed. And he asserts that there is no case, except Texira vs. Evans, decided by Lord Mansfield, cited in 1 Anst., 228, that shows that an instrument which, when executed, is incapable of having any operation, and is no deed, can afterwards become a deed by being completed and delivered by a stranger, in the absence of the party who executed, and unauthorized by an instrument under seal. The case of Texira vs. Evans he considers not to be law. In that case, a person wishing to borrow money had executed a bond, with blanks for the sum and the obligee’s name; and the agent to whom it waá' given to raise the money on it, borrowed the amount from the plaintiff, and then inserted his name and the sum, in the absence of the obligor, and without authority by deed. Lord Mansfield is said to have held, on an issue of non est factum, that the bond was valid. Mr. Preston, in his edition of Shep. Touch., 68, questions the authority of this case, “ as it assumes there could be an attorney without a deed.” This authority seems to stand alone, in opposition to the uniform course of decision in the Courts of *329 England. • We deem it unnecessary to multiply authorities upon this subject. Other cases will be found cited in Hibblewhite vs. McMorine, above referred to.
The doctrine of Texira vs. Evans is, as intimated by Baron Parke, an attempt to place deeds upon the same footing as bills of exchange and other commercial instruments. And inasmuch as, by our law, bonds are made negotiable in the same manner as promissory notes and bills of exchange, it seems to be thought that all distinction founded upon the legal effect of a seal ought to be abolished, and that bonds should be governed by the same principles which apply to the making and transfer of mercantile paper. If the question were new, this reasoning might be deserving of consideration. But still its soundness might well be doubted; for if the doctrine were held applicable to bonds, it must of necessity be held alike applicable to conveyances and assurances of title to real estate, and every description of deeds; than which a more dangerous principle, as respects the security of land-titles, could not perhaps be announced.
The American authorities are at variance on this question. The principle of Texira vs. Evans has been adopted by the Courts of some of the States; and others have followed the principle of the common law. Most of the cases on both sides of the question are referred to in the note by the American editors to the case of Hibblewhite vs. McMorine, 6 Meeson & Welsby, 215, 216.
The decided weight of authority, we think, is in support of the rule as settled in this State. And the result is, that the bond sued on in the present action is void.
The judgment will therefore be reversed, and the case be remanded for a new trial.